IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LEONARD A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-083 |
| | ) | |
| JEANAL CARDOSO, Officer, #C252; | ) | |
| OMEEKA P. LOGGINS, Prosecutor; | ) | |
| RICHMOND COUNTY SHERIFF'S OFFICE; | ) | |
| and THE STATE OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 7.) The Magistrate Judge recommended dismissing the case because Plaintiff fails to state a federal claim upon which relief can be granted and further recommended any potential state law claims be dismissed without prejudice. (See doc. no. 5.) In addition to objections, Plaintiff filed a motion to amend his complaint, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an "Affidavit of Status and Identity," and a "Notice of Copyright Ownership Re: Lenard A Williams Affiant/Sui juris : lou ke el." (Doc. nos. 8-11.) Plaintiff's submissions do not change the conclusion the case is due to be dismissed.

First, Plaintiff cannot pursue habeas corpus relief in his civil rights case. See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (explaining two primary avenues for

federal relief regarding state conviction "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action"). Accordingly, the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed in this civil rights case is a nullity. (Doc. no. 9.) If Plaintiff wishes to pursue habeas corpus relief, he must file a separate case and in a form that "substantially follow(s)" Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Court. The Court **DIRECTS** the **CLERK** to include a standard § 2254 form habeas corpus petition with Plaintiff's service copy of this Order. If Plaintiff submits a § 2254 petition in response to this Order, the Clerk shall open a new case, and require a $5.00 filing fee or motion to proceed *in forma pauperis*. Moreover, any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the requirement for exhausting the remedies available to Plaintiff by any state court procedure. See 28 U.S.C. § 2254(b)(1) & (c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the [petitioner] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

Second, Plaintiff attached an amended complaint to his motion to amend. At this early stage of the case, Fed. R. Civ. P. 15 allows amendment, and "[g]enerally, 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint . . . .' " Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*) (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). Thus, the Court **GRANTS** the motion to amend, but having considered the amended complaint, (doc. no. 8-1), the Court concludes Plaintiff fails to state a claim upon which relief can be granted.

In the R&R, the Magistrate Judge recommended dismissal not only because Plaintiff failed to provide sufficient factual detail and his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), but also because Defendant Loggins was protected from liability by prosecutorial immunity, the sheriff's office is not a legal entity subject to suit, the State of Georgia is not subject to liability in a § 1983 suit, and the use of Plaintiff's legal name in court proceedings does not form the basis for a copyright infringement claim. (See doc. no. 5, pp. 4-10.) Plaintiff's objections state in conclusory fashion only that he has satisfied the pleading requirements, and despite requesting leave to amend "if necessary," (doc. no. 7, pp. 2, 4), Plaintiff did provide an amended complaint, (doc. no. 8-1). However, that amended pleading does not cure the identified deficiencies.

Plaintiff still refers to "Defendants" collectively without identifying which Defendant allegedly took a specific action. (See, e.g., doc. no. 8-1, pp. 7, 8.). Plaintiff does not describe any facts to support the conclusory statement Defendant Loggins "acted beyond her prosecutorial duties," (doc. no. 7, p. 2), such that she would not be entitled to prosecutorial immunity. (See doc. no. 8-1.) Plaintiff alleges the sheriff's office can be sued through the Sheriff, (doc. no. 7, p. 2), but he has not named the Sheriff as a Defendant or otherwise described a custom or policy that would support liability even if the Sheriff had been named in his official capacity. (See doc. no. 8.) Most importantly, Plaintiff has not alleged his conviction forming the crux of the complaint has been reversed, expunged, declared invalid, or called into question by this issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477 (1994).

Turning next to Plaintiff's dissatisfaction with the Magistrate Judge's acknowledgment of the baseless nature of sovereign-citizen legal theories, the Court observes that although

3

Plaintiff alleges bias in the body of his amended complaint concerning the screening of the original complaint, (doc. no. 8-1, pp. 14-16), he did not list the Magistrate Judge as a Defendant in the caption of the amended complaint, (id. at 1). In any event, the correct citation to case law that points out sovereign-citizen legal theories have been repeatedly and summarily rejected as frivolous, (doc. no. 5, p. 10 & n.7), does not prevent Plaintiff from making any such arguments, but instead explains why such theories do not form the basis for relief. Not only would Magistrate Judge Epps be entitled to judicial immunity if Plaintiff had properly named him as a defendant in the caption of the amended complaint, Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000), but judicial rulings adverse to a party generally "do not support a bias or partiality challenge," particularly when there is no reliance upon an extrajudicial source. Liteky v. United States, 510 U.S 540, 555 (1994). That Plaintiff has not been prevented from espousing his theories is further evidenced by his submission of documents declaring he is "a living, breathing, sentient man, a natural being of the soil . . . descended from the ancient Moroccans and Canaanite peoples . . . [who is] not a U.S. Citizen . . . [who] voluntarily contract[s] or submit[s] to federal or corporate jurisdictions. . . ." (Doc. no. 10, p. 1; see also doc. no. 11, p. 1 (Affiant/Sui juris : lou ke el" declares he is "a living, breathing, indigenous Moorish American national")[1].)

Similarly, Plaintiff's reliance on inapplicable legal jargon in the amended complaint, which has no relevance to the claims at hand, does not save his case from dismissal. For example, Plaintiff alleges a claim for Violation of the Chevron Doctrine. (Doc. no. 8-1, pp.

---

[1]Notably, Plaintiff's self-created "Notice of Copyright Ownership Re: Lenard A Williams" neither shows Plaintiff has a valid copyright on his name, or that he can bring a claim for relief because he was charged under his legal name. In any event, Plaintiff's "Notice of Copyright Ownership" is purportedly for "Lenard," not "Leonard," Williams. (See doc. no. 11.)

4

19-21.) Not only do the administrative law principles of deference to an agency interpretation of the law from Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1994), have no applicability in the criminal context in which Plaintiff seeks to apply them, but the principle of Chevron deference has been overruled by the United States Supreme Court. See Loper Bright Enter. v. Raimondo, 603 U.S. 369, 412 (2024).

In sum, Plaintiff's objections are without merit, and his amended complaint does not fix the original pleading deficiencies identified by the Magistrate Judge or otherwise state any new, viable claims. Accordingly, the Court **OVERRULES** the objections. Having reviewed the amended complaint attached to the motion to amend and determining it does not cure the pleading deficiencies identified by the Magistrate Judge and does not otherwise state any viable federal claims, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion. Therefore, the Court **DISMISSES** the case, including any potential state law claims, without prejudice, and **CLOSES** this civil action.

SO ORDERED this 19th day of May, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA